LEAKE, Appellant, *v.* HOOTEN, Respondent.

(No. 6,654.)

(Submitted June 25, 1930. Decided July 16, 1930.)

[289 Pac. 1043.]

*Mr. H. C. Crippen,* for Appellant.

*Mr. M. J. Lamb,* for Respondent.

MR. JUSTICE GALEN delivered the opinion of the court.

This is an appeal from a final judgment for the defendant in an action by plaintiff, said to be "in the ordinary form of an action to quiet title." In the plaintiff's complaint it is

alleged that "on the 15th day of June, 1925, George H. Young and Maude Young, his wife, made, executed and delivered a conveyance in the form of a warranty deed" to certain described premises in Yellowstone county, and that in said warranty deed plaintiff was named as the grantee of such premises "and is now, and has been at all times since the execution of said conveyance, the owner of, and entitled to the possession of said premises." Further, it is alleged "that such conveyance was made at the instance of C. T. Hooten, the father of plaintiff, and upon a consideration paid by him to the grantors thereof, but paid for the use and benefit of this plaintiff; that upon the execution of said conveyance plaintiff had a beneficial interest in and to the said property described therein; that the said warranty deed was delivered by the grantors therein named to the said C. T. Hooten, and the possession of the said warranty deed was kept by him until his death, which occurred on the 28th day of February, 1928; that the said warranty deed was not recorded during the lifetime of the said C. T. Hooten; that upon his death all of his property and effects, including the said warranty deed, came into the possession of Jessie Hooten, the wife of the said C. T. Hooten; that thereafter, and on or about the 12th day of July, 1928, the said Jessie Hooten, the defendant herein, with the intent in her to cheat and defraud the plaintiff and to deprive her of said property and the title thereto, wrongfully, unlawfully and fraudulently erased the name of the plaintiff in said warranty deed as the grantee of said premises, and wrote her own name, to-wit: Jessie Hooten, therein in place of the plaintiff's name and as grantee of the said premises, and thereafter caused the same to be recorded" on the twelfth day of July, 1928.

The plaintiff prayed for judgment decreeing that she is the owner of the premises, and that title thereto be quieted in her, and requiring the defendant to execute and deliver to her a good and sufficient deed to the property. A motion to strike a small portion of the complaint was sustained, and

a general demurrer to the complaint overruled, whereupon defendant answered, admitting that Young and wife had "made a warranty deed covering the lands and premises described" and that at the time of the signing of the deed "the name, Cutie B. Leake, appeared in said deed as grantee." She then alleged that "the said name, Cutie B. Leake, was soon after the signing of said deed erased therefrom by C. T. Hooten, agreeable to the said George H. Young and Maude Young, and said deed was thereupon delivered to this defendant." Defendant further admits "that she wrote her name in said deed as grantee, and alleges that she did so at the instance and request of the said C. T. Hooten; and admits that thereafter and on or about the 12th day of July, 1928, she caused the said deed to be recorded." Other allegations of the complaint are denied, and by reply of plaintiff each and every allegation of the answer is denied.

The cause was tried to the court without a jury. The record consists merely of the judgment-roll, no bill of exceptions having been settled by the district court. No findings appear to have been requested by either party.

Plaintiff's sole specification of error is that "the court erred in entering judgment upon the findings made." Accordingly, the only question for decision is, Do the findings support the judgment?

We have carefully read and considered the findings made by the court and find them to be full and complete, consistent with the pleadings and with each other, and no reason appears to disturb them.

Section 9369, Revised Codes 1921, provides that no judgment shall be reversed on appeal in cases tried by the court for defects in the findings "unless exceptions be made in the court below for a defect in the findings or in a finding." No exceptions were made or taken in the court below; no defect is pointed out to this court by the appellant. Therefore, this court will not consider the question of the correctness of the findings made. (*Currie* v. *Montana Central Ry. Co.*, 24 Mont.

123, 60 Pac. 989.) Every presumption is in favor of their propriety.

The judgment is affirmed. Remittitur will issue forthwith.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, FORD and ANGSTMAN concur.